IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK C. SPICHER d/b/a<br>THE ARTWORK FACTORY, | :<br>:<br>: | 1:15-cv-655 |
| Plaintiff, | :<br>: | Hon. John E. Jones III |
| v. | :<br>:<br>: | |
| THE ARTWORK FACTORY, S.R.O. | :<br>: | |
| Defendant. | : | |

## **MEMORANDUM & ORDER**

### **July 11, 2016**

In our Order dated March 18, 2016, this Court granted Plaintiff's motion for civil contempt and sanctions in the above-captioned matter. (Doc. 30). As part of our Order, we ordered as sanctions the reasonable attorneys' fees and costs associated with enforcing the Court's December 7, 2015 Order, in which we granted Plaintiff's motion for default judgment. (Doc. 27). The March 2016 Order required Plaintiff to submit a brief description of attorneys' fees and costs incurred in connection with enforcing the December 2015 Order, including the fees and costs of filing the motion for civil contempt and sanctions. Plaintiff submitted the requested description on March 24, 2016. (Doc. 31).

In response to our May 9, 2016 Order requesting additional information regarding the requested attorneys' fees, (Doc. 32), Plaintiff has additionally

submitted to the Court an unredacted version of his attorneys' invoices for their fees and costs, as well as further evidence of the reasonable market hourly rate for comparable attorneys' services. (Doc. 33). The Court reviewed the unredacted invoices *in camera*. Plaintiff requests a total of $9,572.33 in attorneys' fees and costs.

Defendant has not challenged the requested attorneys' fees amount. Defendant's representative, Erik Robinson, did recently file a motion to set aside default and default judgment, (Doc. 36). However, we denied this motion without prejudice because Mr. Robinson is not an attorney and thus cannot litigate in federal court on behalf of Defendant. No attorney has entered an appearance on behalf of Defendant, even though this litigation began in April of 2015. Regardless, Mr. Robinson's motion did not discuss or dispute Plaintiff's requested fees.

"A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir.2005) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990)). The fee seeker bears the initial burden of providing evidence to the reviewing court to support its claimed number of hours worked and its requested rate. *Id.* Once the fee seeker meets that burden, the opposing party "then has the burden of making specific objections to the

proposed fee by affidavit or brief." *See Arlington Indus. v. Bridgeport Fittings, Inc.*, 2014 U.S. Dist. LEXIS 85945, *15 (M.D. Pa. June 23, 2014) (citing *Rode*, 892 F.2d at 1183).

"Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar. The lodestar is presumed to be the reasonable fee." *Rode*, 892 F.2d at 1183.

### A. Reasonableness of Hours Claimed

We begin with determining the number of hours reasonably expended on enforcing our December 2015 Order granting a default judgment, including the hours reasonably spent on filing the motion for civil contempt and sanctions. We can exclude or reduce hours claimed if they are "excessive, redundant, or otherwise unnecessary." *Id*. A court is also permitted to deduct hours when the fee petitioning attorney fails to adequately document the hours claimed. *Id.*

Plaintiff's counsel, Kelley C. Keller and Ryan P. Siney, do not provide the Court with a specific number of total hours claimed, thus adding an unneeded layer of difficulty to our analysis. However, Plaintiff's counsel have submitted evidence of their hours claimed in the form of invoices sent to Plaintiff documenting their hours worked. Based on the information submitted, we find that Plaintiff's counsel

are claiming a total of approximately 34 hours of work performed on the relevant tasks.[1]

The unredacted invoices are relatively detailed and specific: for each entry of time billed, there is a date, description of the work performed, and a quantity of time listed. Plaintiff submits as additional supporting evidence a Declaration by Attorney Siney outlining the work performed and averring that the total requested fee amount is fair and reasonable. He avers that the work they performed in connection with enforcing the December 2015 Order included: phone calls with Defendant's representative, communication with sellers or advertisers of Defendant's goods in the United States, communication with the registrar of Defendant's infringing domain, preparation and filing of the motion for contempt and sanctions and related documents, and preparation and filing of a notice with the Trademark Trial and Appeal Board regarding the December 2015 Order. (Doc. 31, Ex.B, ¶ 7).

Based on this evidence, we find Plaintiff's claim of approximately 34 hours worked to be reasonable. We find none of the hours billed to be superfluous or

---

[1] We arrive at this figure by totaling Plaintiff's counsel's three subtotals of attorneys' fees, performed by each of the three law firms involved in his representation: $1,567.50 for services performed by The Keller Law Firm, LLC; $1,003.75 for services performed by Circle Legal, LLC; and $6,977.50 for services performed by Tucker Arensberg, P.C. (Doc. 31). We added these subtotals together, resulting in a combined fees amount of $9,548.75. We then divided this total by the hourly rate charged of $275. We recognize that some work was apparently performed by a paralegal, who was billed at $150 per hour, but our review of the invoices reveals that the vast majority of hours billed were billed by Plaintiff's attorneys.

redundant. In effect, Plaintiff's counsel accomplished a wide variety of tasks to enforce our Order in less than one typical workweek's time.

### B. Reasonable Hourly Rate

Plaintiff's counsel contend that their hourly rate of $275.00 is reasonable in light of their education, experience, and the specialized nature of intellectual property litigation.

Generally, the prevailing market rate in the community determines the reasonable hourly rate. *Rode*, 892 F.2d at 1183. "[T]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal citations omitted).

Plaintiff offers multiple forms of evidence to support his attorneys' hourly rate. To wit, Plaintiff provides the Court with relevant portions of the American Intellectual Property Law Association's 2015 Report of the Economic Survey, ("AIPLA Report"), which includes statistics on the billing rates charged by intellectual property attorneys based on their experience level. (Doc. 33, Ex. B). Courts in the Third Circuit as well as other circuits have used the AIPLA Report to assess the reasonableness of attorneys' fees in intellectual property matters. *See Drone Techs., Inc. v. Parrot S.A.*, 2015 WL 4545291 (W.D. Pa. July 21, 2015)

(citing to many other cases in which courts have referred to the AIPLA Report to gauge the reasonableness of billing rates for intellectual property attorneys).

The AIPLA Report provides that law firms billed their associates with seven to nine years of experience at an average hourly rate ranging from approximately $280 to $410, and that law firms billed partners with the same years of experience at $290 to $400. (Doc. 33, Ex. B, pp. 16, 18-19). The hourly rate for solo practitioners, also with seven to nine years of experience, ranged from approximately $160 to $310. (*Id.*, p. 15). The national median hourly rate for law firm partners was $425, $315 for law firm associates, and $321[2] for solo practitioners. (*Id.*, pp. 9, 13, 19). We also note that this data is slightly outdated; thus, the current market billing rates are likely somewhat higher due to inflation.

According to Mr. Siney's most recent Declaration, Plaintiff's attorneys each have approximately eight years of experience practicing law, much of which has been in the field of intellectual property litigation. (Doc. 33, Ex. A, ¶ 6). Mr. Siney is a partner in a Pittsburgh-based law firm with approximately 100 attorneys. (*Id.*, ¶ 11). Plaintiff does not directly state the type of law firm in which Ms. Keller works, but it appears she is a solo practitioner located in Carlisle, Pennsylvania. (Doc. 33, p. 8). Both of Plaintiff's counsel have received advanced education, beyond a law degree, in international intellectual property law. (*Id.*, §§ 9, 14).

---

[2] This number appears to be the mean billing rate, rather than the median, for solo practitioners.

Based on the AIPLA Report, then, it is clear that Plaintiff's attorneys' hourly rate of $275 is at or below the average billing rate range charged by law firm partners and solo practitioners with the same level of experience who practice intellectual property litigation.

Plaintiff also offers as evidence of a reasonable hourly rate Mr. Siney's own Declaration that his hourly rate is "equal to or less than the customary rates" charged by other attorneys in Pennsylvania for intellectual property litigation. (Doc. 31, Ex. B, ¶ 6). Mr. Siney also represents in his second Declaration that his firm reviews its fees annually to ensure that they are consistent with the market in Pennsylvania. He avers that the range of hourly billing rates charged by partners at his firm is currently $195.00 to $550.00, with an average hourly rate of $345. (Doc. 33, Ex. A, ¶ 12). He further avers that all partners at his firm who practice intellectual property law bill their time at a higher rate than the rate he is charging in this matter of $275. (*Id.*).

We find Plaintiff's evidence,[3] together with our own knowledge of attorney fee rates in the Central Pennsylvania area, to be sufficient to prove that the proposed $275.00 hourly rate is fair and reasonable. Additionally, intellectual

---

[3] We note that Plaintiff submits additional evidence of the appropriate market rate, including the Community Legal Services of Philadelphia's attorney fee schedule. (Doc. 33, Ex. C). According to this schedule, the market rate for attorneys in the Philadelphia area with the same level of experience as Plaintiff's counsel is $265 to $335 per hour. We acknowledge that the market rate in Philadelphia is likely higher than the market rate for attorneys in the Harrisburg area, but we note Plaintiff's counsel's hourly rate of $275 is, appropriately, at the low end of this range.

property litigation requires specialized skill and experience, which provides further support that $275 an hour is a reasonable rate. We acknowledge that Plaintiff provides little evidence of billing rates of attorneys in the Harrisburg or Central Pennsylvania geographic area; however, this appears to be largely a product of the fact that there are very few attorneys in this market that have comparable skill and experience in intellectual property matters, especially those that involve international issues, as does the matter *sub judice*. (Doc. 33, Siney Decl., ¶ 15). For this reason, according to Mr. Siney, Central Pennsylvania residents litigating intellectual property matters often are represented by counsel from Washington, D.C. or Philadelphia, Pennsylvania. (*Id.*) Thus, we find that the evidence Plaintiff has submitted, such as the AIPLA Report and Mr. Siney's multiple declarations, sheds much more light on the issue of a reasonable hourly rate than a perfunctory citation to local attorneys' billing rates who do not have comparable skill or experience. Further, given the fact that similar hourly billing rates have previously been found reasonable by courts in this jurisdiction, we do not hesitate to find that $275 is reasonable on the facts of this case, as well. *See, e.g., Arlington Indus.*, 2014 U.S. Dist. LEXIS at *35-39 (awarding attorney's fees of $250 an hour for an associate with four years of experience practicing patent law, $280 an hour for an associate with seven years of experience practicing patent law, and $300 an hour for an attorney with ten years of experience practicing patent law).

Thus, given that we have found both the number of hours billed and the hourly rate charged by Plaintiff's counsel to be reasonable, the lodestar amount is in effect Plaintiff's requested attorneys' fees amount. We see no reason to adjust the lodestar amount, and Defendant has not asked for such an adjustment. *See Rode*, 892 F.2d at 1183. And because Defendant has failed to make any specific objections to the proposed fee, Defendant has effectively failed to meet its burden if it intended to oppose this request for sanctions in the form of attorneys' fees.

Accordingly, we shall approve Plaintiff's request for attorneys' fees and costs in the amount of $9,572.33.[4]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's request for attorneys' fees and costs in the amount of $9,572.33, is **APPROVED**.

2. Defendant **SHALL PAY** $9,572.33 to Plaintiff as a sanction for Defendant's contempt of this Court's December 7, 2015 Order. This payment shall be made within sixty (60) days of the date of this Order.

---

[4] Plaintiff has requested reimbursement for costs in the amount of $ 23.58, based on costs advanced by Tucker Arensberg, P.C. (Doc. 31, p. 2). We see no reason to challenge this modest amount, nor has Defendant disputed it.

                                                      s/ John E. Jones III
                                                      John E. Jones III
                                                      United States District Judge